ALFRED A. LAUN, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

J. B. LAUN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE,
RESPONDENT.

Docket Nos. 45347, 45348.   Promulgated July 30, 1932.

*Frederic Sammond, Esq.,* for the petitioners.
*W. Frank Gibbs, Esq.,* for the respondent.

OPINION.

McMahon. At the hearing the petitioner, J. B. Laun, moved to amend his petition by striking out the allegation of error (a) in Docket No. 45348 and subparagraph (a) of paragraph (5) of the petition, all relating to the alleged failure of the respondent to allow a deduction of $5,225.50 for losses alleged to have been sustained in the year 1926. This motion was granted. Therefore, the respondent's determination in this respect will not be disturbed.

This leaves for consideration only one question. The respondent contends that the shares of preferred stock of the Kiel Furniture Company originally issued as a stock dividend were purchased and canceled " at such time and in such manner as to make the distribution and cancellation or redemption in whole or in part essentially equivalent to the distribution of a taxable dividend," within section 201(g) of the Revenue Act of 1926. This contention is also made with respect to similar transactions between the petitioner, J. B. Laun, and the Company in 1926 and 1927.

Both petitioners, on the other hand, contend that the transactions constituted sales, and Alfred A. Laun, in his income-tax return for 1926, reported the transaction as a sale with a resultant profit of $1,808.17.

Section 201(g), *supra*, provides as follows:

If a corporation cancels or redeems its stock (whether or not such stock was issued as a stock dividend) at such time and in such manner as to make the distribution and cancellation or redemption in whole or in part essentially equivalent to the distribution of a taxable dividend, the amount so distributed in redemption or cancellation of the stock, to the extent that it represents a distribution of earnings or profits accumulated after February 28, 1913, shall be treated as a taxable dividend. In the case of the cancellation or redemption of stock not issued as a stock dividend this subdivision shall apply only if the cancellation or redemption is made after January 1, 1926.

Whether or not the transactions between petitioners and the Company in 1926 and 1927 amounted to sales or were distributions " essentially equivalent to the distribution of a taxable dividend " depends upon whether or not the issuance of the preferred stock in

1923 by the Company was in fact a stock dividend.   Whether or not it was a stock dividend is dependent upon the relevant facts.  *George T. Smith*, 21 B. T. A. 782; *J. E. Brading*, 17 B. T. A. 436; *W. J. Hunt*, 5 B. T. A. 356.

In *Eisner* v. *Macomber*, 252 U. S. 189, it is held that a stock dividend is not taxable, and the Supreme Court states as follows:

> A " stock dividend " shows that the company's accumulated profits have been capitalized, instead of distributed to the stockholders or retained as surplus available for distribution in money or in kind should opportunity offer.  Far from being a realization of profits of the stockholder, it tends rather to postpone such realization, in that the fund represented by the new stock has been transferred from surplus to capital, and no longer is available for actual distribution.
>
> The essential and controlling fact is that the stockholder has received nothing out of the company's assets for his separate use and benefit; on the contrary, every dollar of his original investment, together with whatever accretions and accumulations have resulted from employment.of his money and that of the other stockholders in the business of the company, still remains the property of the company, and subject to business risks which may result in wiping out the entire investment.  *  *  *

The board of directors of the company by resolution declared a preferred stock dividend.  It is undisputed that the company did not have sufficient cash on hand to pay the dividend declared in cash.  The Company had, however, a surplus of about $180,000, which was in excess of the amount of the dividend declared, but this surplus was not available for cash dividends.

Although it was the intention of the Company, as is customary with respect to preferred stock, to retire and redeem preferred stock out of future earnings, such stock issued as a dividend is not a charge against future earnings, but against surplus already accumulated.  *Charles Watson Hull*, 13 B. T. A. 299.

Whenever a cash dividend is declared the relation of the Company and its stockholders thereto is changed, the corporation becoming the debtor of the stockholders and the stockholders becoming the creditors of the corporation.  *W. J. Hunt*, *supra*, and cases cited therein.  The relationship of debtor and creditor at no time arose in this proceeding between the Company and its stockholders or between the Company and the petitioners.

The Company, instead of redeeming and retiring the stock as provided in its articles and by-laws, sent out notices giving the stockholders an opportunity to offer their stock for purchase by the Company, as provided in its by-laws.  The purchase of such stock by the Company was at the option of the Company.  At no time was the stockholder given the right to demand an exchange of cash for the stock.  The redemption, retirement or purchase of the preferred stock was under the control of the board of directors of the corpora-

tion. The fact that officers and directors anticipate future profits out of which to redeem or purchase preferred stock is not determinative of its character as a stock or cash dividend. If this were true, no preferred stock could be issued as a stock dividend.

The respondent contends that the purchase of this stock by the Company was under the authority of the general scheme adopted in 1923. Even so, there is no evidence that a cash dividend was intended. It is proper for a corporation at the time it makes provision for the issuance of preferred stock also to make provision at the same time for its redemption, retirement or purchase by the company. This of itself does not indicate an intention on the part of the company or its directors and stockholders to evade taxation.

That the laws of the State of Wisconsin permit the Company to purchase such stock, hold it as treasury stock, and treat it as an asset (*Pabst* v. *Goodrich*, 113 N. W. (Wis.) 398), as pointed out by respondent, is no reason ·why the Company could not legally purchase the preferred stock and retire and cancel the same. Its articles provide that the sinking fund is to be used for the purchase and cancellation and redemption of preferred stock and that the preferred stock purchased or redeemed by the Company shall never be sold or reissued by the Company. There is nothing in the record to indicate that the issuance of the preferred stock dividend was not a bona fide stock dividend.

In view of the entire record and the intent and purpose of the Company therein disclosed and a consideration of all the relevant facts, we are of the opinion that the dividend declared in 1923 by the Company was a stock dividend, resulting in a dilution of the shares then outstanding. *Eisner* v. *Macomber, supra.* See also *George T. Smith, supra; George E. Mickel,* 5 B. T. A. 979.

The only case cited by the respondent in support of his contention that the distributions received by the petitioners represented proceeds from the retirement, redemption and cancellation of their stock by the Company and, therefore, under section 201(g), Revenue Act of 1926, were taxable as a dividend is *William C. Huntoon*, 14 B. T. A. 459. As pointed out in the opinion in that case, the testimony was confusing. The opinion further states that all the record clearly shows is that the taxpayer received a stock dividend in 1921 consisting of 249 shares, which, with some additional shares, he turned in to the corporation and thereupon his indebtedness to the corporation in the amount of $36,400 was canceled. The Board held in that case that the taxpayer's showing was not sufficient to warrant an overturning of the Commissioner's determination. That case is clearly not controlling in this proceeding and is not helpful.

At the hearing it was stipulated that, in the event the Board should hold that the transactions in question constituted sales, and

the amounts received by the petitioner, Alfred A. Laun, in 1926 and by petitioner, J. B. Laun, in 1926 and 1927, respectively, from the Company did not represent a taxable dividend, the petitioner Alfred A. Laun had reported the correct profit in his income-tax return for the year 1926, and that the profit from the sale of 153 shares in 1926 and 80 shares in 1927 by J. B. Laun to the Company should be computed upon the basis of $79.59 per share. Since we have held that the petitioners did not receive taxable dividends from the Company in the years involved, judgment will be entered in accordance with such stipulation.

Reviewed by the Board.

> *Judgment of no deficiency will be entered as to petitioner Alfred A. Laun. Judgment will be entered under Rule 50 as to petitioner J. B. Laun.*

TRAMMELL, MATTHEWS, and GOODRICH concur in the result.

---

SMITH, dissenting: The transactions here involved were not sales, but in substance the "redemption in * * * part" of the stock distributed as a dividend by the corporation in 1923. At that time, the corporation had accumulated profits in excess of the amount of the stock dividend; instead of a cash dividend it declared the stock dividend, retaining the assets reflected in its surplus account, and provided for the redemption of the preferred stock from future earnings set aside for that purpose. Section 201 (g) of the 1926 Act is not ambiguous and does not prescribe the method of redemption; the only restriction being that the redemption be treated as a taxable dividend to the extent of earnings accumulated since March 1, 1913. This stock was redeemed out of current earnings. I do not agree that the petitioners sold their stock to the corporation; but in any event, what is the basis upon which to compute their gain? I think the amount received by these petitioners was "essentially equivalent to the distribution of a taxable dividend" and should be taxed as such.